IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MIKE SHALES, et al.,           )
                               )
                Plaintiffs,    )
                               )
     v.                        )      No.  09 C 6191
                               )
R.A. BRIGHT CONSTRUCTION, INC.,    )
et al.,                        )
                               )
                Defendants.    )

MEMORANDUM ORDER

In response to this Court's brief October 20, 2009
memorandum order ("Order") that identified what it characterized
as a "problematic aspect" of their original jointly filed Answer
in this ERISA action, codefendants R.A. Bright Construction, Inc.
("R.A. Bright") and Route 66 Construction Company ("Route
66")--still represented by the same law firm--have now filed a
joint Amended Answer.  That new pleading has cured the specific
flaw identified in the Order, but the alternative pleading mode
adopted by defense counsel in the Amended Answer reflects some
lack of thought on the part of the pleader.

Instead of one defendant not responding to a Complaint
allegation that mentions only the other defendant (as had been
done in the original Answer), now each defendant has
appropriately responded to each allegation in the Complaint.  But
in so doing, the unnamed defendant typically voices the
disclaimer that is prescribed by Fed. R. Civ. P. ("Rule") 8(b)(5)
as the predicate for a deemed denial--thus, for example, R.A.

Bright admits the allegations in Complaint ¶2 while Route 66 invokes that disclaimer provision.

That seems plainly wrong when, as here, defendants share the same counsel. After all, lawyers are authorized agents for their clients for litigation purposes. And if one client admits an allegation, the other can hardly claim that it lacks even _information_ sufficient to form a _belief_ as to the truth of that allegation (unless, that is, the client doesn't trust its lawyer!).

Matters may be a bit more complex where one client flatly denies (rather than admits) a complaint allegation, but normally parity of reasoning would seem to control that situation as well. That is something that defense counsel ought to mull over and discuss with the clients.

Although this Court is reluctant to send counsel back to the drawing board once again, there is a positive benefit to be derived where an allegation is flat-out admitted. It obviates any need for discovery on the issue, as well as simplifying the proof at trial to the same extent. Accordingly defense counsel are invited to cure the defect identified here at their early convenience.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 29, 2009

2